UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEREMIAH GAYLORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-571 |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| PENTAGROUP FINANCIAL, LLC, a ) | |
| foreign limited liability company, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

3. Plaintiff is a natural person and is a resident and citizen of Mobile County, the State of Alabama and of the United States.

4. Defendant, Pentagroup Financial, LLC (hereinafter "Pentagroup") is a foreign limited liability company engaged in the business of collecting debts in this state. The principal purpose of Defendant Pentagroup is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

5. From on or about June of 2007, Defendant Pentagroup, by and through its collection agent Ms. C. Anderson (hereinafter "Anderson") and while employed as a collector by Chase Manhattan Bank (hereinafter "Chase"), contacted Plaintiff at his place of employment, HSI Communications, Inc. (hereinafter "HSI"), regarding Plaintiff's alleged overdue account.

6. Anderson contacted Plaintiff approximately ten (10) times at his place of employment. When Plaintiff was unavailable, Anderson left messages on his business voice mail.

7. Anderson misrepresented to Plaintiff that she was not a "debt collector" but rather an employee of Chase in its "legal initiative" department.

8. On each and every occasion that Anderson contacted Plaintiff, including those in which she left voice mails, Anderson stated to Plaintiff that she had been instructed to contact HSI's human resources department to garnishee Plaintiff's wages. In addition, Anderson stated that her legal department would be placing liens on Plaintiff's home, seizing his assets, and in addition, Plaintiff would be forced to pay an additional $2,000.00 in costs and attorney's fees.

9. Defendant's acts, by and through its agent Anderson, have caused Plaintiff to suffer headaches, nausea, embarrassment, severe emotional and mental distress, and to hire an

attorney to represent him in this matter.

## V. COUNT ONE - VIOLATIONS OF THE FDCPA

10. Plaintiff restates and reiterates all previous paragraphs.

11. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. The Defendant violated 15 U.S.C. § 1692c(b) by contacting and/or attempting to contact a third party, the Plaintiff's employer, without the Plaintiff's prior consent.

   b. The Defendant violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by Defendant.

   c. The Defendant violated 15 U.S.C. § 1692c(c) by contacting the Plaintiff after he had requested the Defendant cease communication with Plaintiff.

   d. The Defendant violated 15 U.S.C. § 1692g by making a threat of suit during the debt validation request period in a manner that overshadowed the notice of validation of rights and would create confusion for a least sophisticated consumer about his rights.

   e. The Defendant violated the FDCPA by contacting Plaintiff in a harassing manner and using harassing techniques in an attempt to collect the alleged debt.

12. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and for actual damages, statutory damages, and costs and attorney's fees.

## VI. COUNT TWO - NEGLIGENCE

13. Plaintiffs restate and reiterate herein all previous paragraphs.

14. Defendant's acts, as described above, were done so negligently and without care or

concern for the well-being of the Plaintiff.

15. Defendant's negligent acts were purposeful to illegally coerce Plaintiff into paying the alleged debt.

16. As a proximate consequence of Defendant's negligence, Plaintiff has been caused to suffer severe emotional and mental distress.

17. As a result of the Defendant's unlawful acts, the Defendant is liable to the Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

### VII. COUNT THREE - HARASSMENT

18. Plaintiff restates and reiterates herein all previous paragraphs.

19. Defendant's acts, as described above, were done so negligently and without care or concern for Plaintiff's well being. Defendant's harassing collection tactics created a hostile environment for Plaintiff.

20. Defendant wrongfully exploited Plaintiff in an attempt to coerce him into paying the alleged debt.

21. Defendant's communications to Plaintiff were offensive and harassing.

22. As a proximate consequence of Defendant's harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

### VIII. COUNT THREE - INVASION OF PRIVACY

23. Defendant's conduct, described herein above, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

24. As a direct and proximate consequence of Defendant's acts of invading Plaintiff's privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief as against Defendant:

a) Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for the Defendant's violations of state common law claims;

b) Actual, compensatory, and punitive damages;

c) Statutory damages pursuant to 15 U.S.C. § 1692k;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, and;

e) For such other and further relief as may be just and proper.

### JURY TRIAL DEMANDED

RESPECTFULLY submitted this the ____ day of August, 2007.

_____
K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K
Counsel for Plaintiff

THE LAW OFFICES OF JAY LEWIS, LLC
847 S. McDonough Street
Montgomery, Alabama 36104
(334) 263-7733
fax: (334) 832-4390

**THE DEFENDANT MAY BE SERVED AT THE FOLLOWING ADDRESS:**

Pentagroup Financial, LLC
5959 Corporate Drive, Suite 1400
Houston, TX 77036